IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
TIMOTHY G. ALEXANDER, SR.,    )
                              )
          Petitioner,         )
                              )
     v.                       )   1:05CV1088
                              )   1:04CR195-1
UNITED STATES OF AMERICA,     )
                              )
          Respondent.         )
```

**RECOMMENDATION OF MAGISTRATE JUDGE ELIASON**

Petitioner Timothy G. Alexander, Sr., a federal prisoner, has filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Petitioner pled guilty to conspiracy to interfere with commerce by robbery in violation of 18 U.S.C. § 371, carrying a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(I), and interference with commerce by robbery in violation of 18 U.S.C. § 1951(a). (Criminal Case Docket No. 39.) Petitioner was sentenced to 120 months of imprisonment for the § 1951(a) violation, a concurrent 60 months of imprisonment for the § 371 violation, and a consecutive 60 months of imprisonment for the § 924(c) violation. (<u>Id.</u> Docket No. 52.) Petitioner did file an unsuccessful direct appeal before bringing the current motion.

Petitioner's motion raises four grounds for relief, all of which relate to the allegedly defective performance of his trial counsel. (Civil Case Docket No. 1.)[1] Respondent has responded to

---

[1]This and further citations to the record will be to the civil case unless otherwise noted.

Petitioner's motion. (Docket No. 13.) Despite being told of his right to file a reply, Petitioner has not done so. (Docket No. 14.)

**DISCUSSION**

Petitioner first claims that his attorney provided him with ineffective assistance for failing to object to "any unconstitutional aggravatting circomstances [sic]" at sentencing and failing to object to the United States Sentencing Guidelines being applied in a mandatory fashion. (Docket No. 1 at 5.) In order to prove ineffective assistance of counsel, a petitioner must establish, first, that his attorney's performance fell below a reasonable standard for defense attorneys and, second, that he was prejudiced by this performance. See Strickland v. Washington, 466 U.S. 668 (1984). Petitioner is not entitled to a hearing based upon unsupported, conclusory allegations. See Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992) (in order to obtain an evidentiary hearing a habeas petitioner must come forward with some evidence that the claim might have merit), abrog'n on other grounds recog'd, Yeatts v. Angelone, 166 F.3d 255 (4th Cir. 1999). A petitioner bears the burden of affirmatively showing deficient performance. See Spencer v. Murray, 18 F.3d 229, 233 (4th Cir. 1994). To show prejudice, a petitioner must establish that there is a reasonable probability that but for counsel's allegedly deficient conduct, he would have not pled guilty but would have gone to trial. Hill v. Lockhart, 474 U.S. 52 (1985).

In support of his first claim, Petitioner cites to the cases of <u>United States v. Booker</u>, 543 U.S. 220 (2005), and <u>Blakely v. Washington</u>, 542 U.S. 296 (2004). <u>Blakely</u> had been decided at the time of Petitioner's plea and sentencing, but the <u>Booker</u> decision was pending. As Respondent points out, no error occurred in Petitioner's case even if both cases are applied because they require only that facts, other than prior convictions, which increase a defendant's sentence beyond the maximum authorized by a plea of guilty or conviction by a jury must generally be either admitted by the defendant or proven to a jury. <u>Booker</u>, 543 U.S. at 244. Here, the only facts used to increase Petitioner's sentence in the fashion described in <u>Booker</u> were the amount of loss ($250,000), the fact that a person was physically restrained during the robbery, and Petitioner's prior criminal record. (Presentence Report (PSR) at 8-15.) Both the superseding indictment in the case and the plea agreement included the first two facts. (Criminal Case Docket No. 26 at 3, 6, 7; <u>Id.</u> Docket No. 39 at 4, 5.) These facts were also present in the factual basis for the plea and were discussed openly in front of Petitioner without objection at the plea hearing. (<u>Id.</u> Docket No. 40 at 1-2; Plea Tr. at 6.) As for Petitioner's criminal record, prior convictions can be recognized and used by the sentencing judge to increase a defendant's sentence even following <u>Booker</u>. <u>Booker</u>, 543 U.S. at 244. Petitioner's attorney did not provide ineffective assistance by failing to object to the use of any of these sentencing facts to increase

-3-

Case 1:05-cv-01088-JAB-RAE   Document 17   Filed 12/05/06   Page 3 of 10

Petitioner's sentence, nor was Petitioner prejudiced by any failure to make a meritless objection.

Petitioner's contention that his attorney harmed him by failing to object to the Guidelines being applied in a mandatory fashion also is without merit. On direct appeal, the Fourth Circuit Court of Appeals discussed the mandatory application of the Guidelines. United States v. Rollison, 151 Fed. App'x. 249 (2005). It found that while such a use of the Guidelines was plain error, it also did not affect Petitioner's substantial rights because he could not show beyond mere speculation that he would have been sentenced any differently if the guidelines had been treated as advisory. Id. at 252. For the same reasons discussed by the Fourth Circuit, Petitioner cannot show here that any failure to object caused him prejudice. His first claim for relief fails.

Petitioner's second claim for relief states that his attorney was ineffective for failing to present mitigating evidence. Petitioner elaborates by alleging that his attorney told him that he had no right to discovery, that if he had been told the truth about discovery he would have known about inconsistent statements made by his codefendants regarding guns associated with the case, and that he would not have taken the plea bargain regarding the gun charge. In his brief, Petitioner further claims that he asked his attorney about discovery, but was told by counsel that there was a "slum law" which allowed the Government to avoid discovery. (Docket No. 5 at 1.)

Petitioner's attorney responds that there was no need to file for discovery because the United States Attorney's Office in this District has long maintained an "open file" policy which obviates the need for discovery motions. Indeed, the Court is aware that this is the case. He insists that he told Petitioner he would not be getting copies of documents, but that counsel would review the material in the case file. (Docket No. 13 Ex. B ¶ 5.) In some situations, conflicting assertions between a petitioner and counsel might create an issue of fact which would require an evidentiary hearing. However, even if that were true in this case, which seems unlikely, one is not necessary here because the claim fails even if counsel's affidavit is disregarded.

As fanciful or nonsensical as Petitioner's "slum law" allegation is on its face, it is also contradicted by Petitioner's own statements at the time of his sentencing. Against counsel's advice, he took the witness stand during sentencing. While on the stand, Petitioner admitted that his attorney obtained witness statements made by Petitioner's codefendants and provided him with written copies prior to or at his change of plea hearing. Petitioner stated that he "glanced" at the statements before the attorney took them back. (Sentencing Tr. at 34.) A party cannot use conclusory statements to contradict his own prior sworn statements and create an issue of fact in order to avoid dismissal. United States v. Wilson, 81 F.3d 1300, 1308 (4th Cir. 1996)(a defendant's statements in a Rule 11 proceeding cannot ordinarily be repudiated); Barwick v. Celotex Corp., 736 F.2d 946, 960 (4th Cir.

-5-

1984)(affidavit cannot contradict sworn deposition testimony to avoid summary judgment). It is quite obvious from his own sworn testimony that Petitioner's attorney not only obtained the codefendant statements, but shared them with Petitioner.[2]

Petitioner's third claim for relief alleges that his attorney provided him with ineffective assistance by refusing to file a motion to withdraw Petitioner's guilty plea to the § 924(c) count. Petitioner claims he sought to have this motion made prior to sentencing after finding out that his attorney lied to him by telling him that (1) he had no right to discovery, (2) the § 924(c) charge was actually a charge for possession of a firearm by a convicted felon under 18 U.S.C. § 922(g), and (3) that a guilty plea would result in the dismissal of other charges in a separate district.

Petitioner's claim has three major failings. First, it is largely conclusory. It does not give detail regarding how or when Petitioner asked his counsel to file the motion, does not set out his attorney's response, and does not explain why, even if all he says is true he would want to withdraw his guilty plea. The plea resulted in the dropping of two of the charges against him and gave

---

[2]Even if Petitioner could create an issue as to whether or not his attorney procured the statements of his codefendants, Petitioner has still failed to show that he has suffered actual prejudice. While he seemingly quotes from the supposed statements in his brief, he has not shown where he got the quotes, much less introduced the statements into evidence to support a finding of prejudice. (Docket No. 5 at 2-3.) This lack of proof renders his claim conclusory and so provides an additional reason to dismiss his second claim for relief. Nickerson, supra, 971 F.2d at 1136.

him the opportunity to receive a sentence reduction for acceptance of responsibility.[3]

Second, the conclusory statements are belied by the record in the case. The discovery allegation has been previously discussed. As for the other alleged lies, the original and superseding indictments in the case clearly allege that Petitioner was being charged with carrying and/or using firearms during and in relation to the conspiracy to commit robbery in violation of 18 U.S.C. § 924(c). There is no mention of possession of a firearm by a convicted felon or of 18 U.S.C. § 922(g). (Criminal Case Docket Nos. 1, 26.) At his change of plea hearing, Petitioner's attorney stated that they had spoken about the charges "in detail." (Plea Tr. at 2.) Petitioner did not object. Petitioner was told by the sentencing judge that Count Two of the indictment, a count to which he was pleading guilty, charged him with "carrying a firearm during and in relation to a crime of violence." (Id. at 4-5.) No mention was made of possession of a firearm by a convicted felon. Petitioner stated that he understood the charges and had reviewed them with his attorney "in detail." (Id. at 5.) Likewise, the plea agreement was reviewed on the record and no mention was made of dropping charges in other districts. It was also noted that the written agreement was the entire agreement between the parties. Still, Petitioner raised no objection and did not ask about the

---

[3] The fact that he later squandered this opportunity by denying one of the elements of his § 924(c) charge prior to and at sentencing does not change the fact that he had the opportunity at the time he made the decision to plead guilty and even later at sentencing. The fact petitioner did not seek to withdraw his plea at sentencing, even when he took the witness stand, is fatal to his claim.

-7-

dropping of charges in other districts. (<u>Id.</u> at 6-7.) "[I]n the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." <u>United States v. Lemaster</u>, 403 F.3d 216, 221-222 (4th Cir. 2005). Petitioner's conclusory allegations do not constitute "extraordinary circumstances."

Petitioner's behavior at and near the time of his sentencing is even more telling. He claims in his brief supporting his motion that he knew before sentencing of his attorney's supposed lies as described above. Yet, at sentencing he made no mention of these lies nor of his desire to withdraw his guilty plea. Even more incredible, he failed to mention these matters even when he took the witness stand to testify and spoke to the sentencing judge just prior to being sentenced. Instead, he used that opportunity to attempt to walk a fine line between denying one of the elements of his § 924(c) charge and still admitting enough to receive a downward sentencing adjustment for acceptance of responsibility. (<u>Id.</u> at 19-34.) He did not complain of his attorney's supposed lies or express his desire to withdraw his plea even when directly questioned as to why he accepted the factual basis introduced to support the plea. Instead, he replied that he took the plea "because of [his] past and [he] figured [he] would get a good deal." (<u>Id.</u> at 33.) This behavior and these words are flatly

-8-

inconsistent with the actions of a person who accepted a plea bargain based on lies by his attorney, found out about the lies, and then wished to withdraw the plea prior to sentencing and prior to taking the witness stand. In short, the evidence that is in the record belies Petitioner's conclusory allegations.

Finally, even if the Court were to accept Petitioner's allegations about his attorney denying his request to make a motion to withdraw his guilty plea are true, he still would not prevail. Petitioner has produced nothing to show that a motion to withdraw his plea, particularly as to only one of the three counts to which he pled, would have succeeded. Nothing in the record suggests that any grounds existed to allow him to contradict the statements he made during his change of plea hearing and withdraw his guilty plea. "[S]tatements of fact by a defendant in Rule 11 proceedings may not ordinarily be repudiated, and, similarly, findings by a sentencing court in accepting a plea constitute a formidable barrier to attacking the plea." Wilson, supra, 81 F.3d at 1308 (citations and internal quotation marks omitted). Petitioner does not explain how any motion to withdraw his plea could have overcome the "formidable barrier" of his Rule 11 proceedings. Because of this, Petitioner was not prejudiced by any failure to file a frivolous motion. For all of these reasons, Petitioner's third claim for relief fails and should be denied.

Petitioner's fourth and final claim is really a regurgitation of his previous claims. He simply repeats his allegations regarding being misled regarding the § 924(c) count and his right

-9-

to discovery. (Docket No. 1 at 9.) Consequently, his fourth claim should be denied for the same reasons already set out.

**IT IS THEREFORE RECOMMENDED** that Petitioner's motion to vacate, set aside or correct sentence (docket no. 1) be **DENIED** and that Judgment be entered dismissing this action.

_____
**United States Magistrate Judge**

December 5, 2006